Prince JOHNSON; Jeff Taylor; Brenda Moses; Charles Brooks; Roderick Parker; Curtis Gilmore; Hollis Franklin; James; John Brooks; William Long; Oliver Woods; Frederic Silva; Susan Gant; John Sanders; Edward Walls; Mike Johnson; Geoffrey Robinson; Jeff McCarley; Alex Tollerton; William Parker; Charles Jones; Carla Jones; Gwendolyn Fields; Kevin Hanna; Leesa Walker; Lester Bell; Kent Harvill; Barry Monay; Dino Robinson; Roy Hunt; Gerald Durden; Clarence Colen; Erma Adams; Valerie Williams; Ellar Sadler; Phillip Fry; Debra Johnson; Victor Upshaw; Alonzo Graves; Anthony Silva; Marlon Curtis; Steven Jackson; Andre Colvin; Lonnie Jackson; Kelvin Hubert; Nathaniel Danfort; Barbara Hawkins; Sherman Reynolds; Eddie Brown; Donna Jefferson; Kenneth Utley; Earl Prince, Jr.; Angelia Howard; Kathy Evans; Kenneth Henderson, Plaintiffs,

v.

DALLAS TX CITY OF; Dallas Police Dept; Steve Bartlett, Mayor, In his official capacity; Donna Blumer, In her official capacity; Glenn Box, In his official capacity; Sandra Crenshaw, In her official capacity; Larry Duncan, In his official capacity; Paul Fielding, In his official capacity; Domingo Garcia, In his official capacity; Donna Halstead, In her official capacity; Don Hicks, In his official capacity; Barbara Mallory, In her official capacity; Chris Luna, In his official capacity; Charlotte Mays, In her official capacity; Craig McDaniel, In his official capacity; Robert Stimson, In his official capacity; Max Wells, In his official capacity; John Ware, In his official capacity, Defendants.

Central Dallas Association; the Cedars Association; Deep Ellum Association; State–Thomas Homeowners Association; West End Association, Intervenors–Defendants.

Civ. A. No. 3:94–CV–991–X.

United States District Court, N.D. Texas, Dallas Division.

June 2, 1994.

Steven Peter Anderson, Mills Presby & Anderson, Jeffie Janette Massey, Law Office of Jeffie J. Massey, Dallas, TX, for plaintiffs.

Sam A. Lindsay, Dallas City Attorney's Office, Dallas, TX, for defendants.

Darrell E. Jordan, Hughes & Luce, Dallas, TX, for intervenors-defendants.

## MEMORANDUM OPINION AND ORDER

KENDALL, District Judge.

NOW before the Court are the Motion to Intervene, filed on May 25, 1994 and the response to that motion. Movants have elected not to file a reply brief. Having considered these filed materials and the applicable law, the Court concludes that the motion should be, and hereby is, **DENIED.** However, Movants are granted leave to appear as amici, as noted below.

### I.

This case concerns the constitutionality of various city ordinances enacted, enforced or both, allegedly to remove homeless persons from public view in the City of Dallas. Plaintiffs are themselves homeless, and they seek to represent a class of homeless persons. Defendants include the City of Dallas, the Dallas Police Department and members of the Dallas City Council. Plaintiffs attack, among other things, a city ordinance that would prohibit sleeping in public, as well as the proposed eviction of a homeless encampment under certain interstate highway bridges on the east side of Dallas' central business district. After a hearing on May 20, 1994, the Court granted Plaintiffs' application for a temporary restraining order, which prevented the City from enforcing certain ordinances and evicting persons living under the bridges, and scheduled a hearing for June 2 on Plaintiffs' motion for prelimi-

nary injunction. Not long after the TRO hearing, Movants filed their motion to intervene.

The parties seeking intervention are various business and home-owners associations, like the Central Dallas Association, the Deep Ellum Association, and the State–Thomas Homeowners Association. Movants argue that they are entitled to intervention as of right. Failing that, they argue that they should be allowed to intervene permissively. Intervention in federal court is governed by Rule 24, FED.R.CIV.P., the pertinent portions of which provide the following:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Court first addresses Movants' concerns with intervention as of right, and then turns to their argument regarding permissive intervention.

**II.**

■ A party seeking to intervene as of right must satisfy four requirements: (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Sierra Club v. Espy,* 18 F.3d 1202, 1204–5 (5th Cir.1994). If one seeking to intervene does not satisfy all of these requirements, intervention as of right is not possible. *Id.* at 1205. The inquiry regarding intervention of right is flexible, focusing on the particular facts and circumstances surrounding each application. *Ceres Gulf v. Cooper,* 957 F.2d 1199, 1202 (5th Cir.1992). Further, intervention of right must be measured by a practical rather than technical yardstick. *Id.*

■ The Fifth Circuit has established four factors concerning the timeliness for seeking intervention. *See Espy,* 18 F.3d at 1205 (listing factors). However, because Movants seek intervention on the heels of the case's filing, the Court concludes that they are clearly timely, easily satisfying the factors recapitulated in *Espy.* Plaintiffs filed the suit on May 18, and Movants filed their motion to intervene on May 25.

To satisfy the next requirement for intervention as of right, one must demonstrate an interest in the subject matter of the action. That interest must be " 'direct, substantial, [and] legally protectable.' " *Id.* at 1207 (quoting *Piambino v. Bailey,* 610 F.2d 1306, 1321 (5th Cir.), *cert. denied,* 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980)). The interest prong of the analysis is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. *Espy,* 18 F.3d at 1207. The thrust of Movants' argument on the issue of interest is straightforward: They worry that the Court's granting of Plaintiffs' motion for preliminary injunction will adversely affect their economic interest. They state that

the Associations represent the interests that would be most adversely affected were the preliminary injunction granted. The conduct at issue here affects the willingness of customers to patronize the businesses that are members of the Associations, and thus has a direct economic impact on the Associations. The criminal conduct and health risks that are increased due to a concentration of the homeless on the border of downtown Dallas also pose a direct risk to the employees and patrons of the business members of the Associations as well as to the residents represented by various of the Associations.

(Brief Supp.Mot.Intervene at 5–6.) Elsewhere, Movants note that "to the extent the illegal conduct of the Plaintiffs and members of the purported plaintiff class exacts a cost from the community, it is the members of the Associations and their customers and tenants who bear that cost. Consequently, the Associations' intervention in this case is both right and proper." (Mot.Intervene at ¶ 3.)

After careful consideration, the Court determines that Movants construe the interest requirement far too broadly and fail to demonstrate a sufficient interest in the case to warrant intervention under Rule 24(a). Under Movants' conception of the interest requirement, the number of those allowed to intervene of right would be virtually unbounded. Reasonable, persuasive arguments would not be difficult to fashion tending to demonstrate an adverse economic impact on all manner of banks, malls, restaurants and other merchants should the Court grant Plaintiffs' motion for preliminary injunction. This is especially true in light of the upcoming World Cup soccer games. Separating the supposed adverse economic effect on one group as opposed to the other could be the subject of exhaustive briefing and lengthy and complicated expert testimony in order to divine where the line ought to be drawn between those who must be allowed to intervene and those whose interests do not cross an arbitrary "economic impact" line that the Court would be forced to draw. As *Espy* notes, the interest prong of the analysis is primarily a pragmatic guide to disposing of lawsuits by involving apparently concerned persons but tempering that involvement with

concerns of efficiency and due process. Movants' unworkable take on the interest prong would read efficiency out of the inquiry. Nor have Movants made any showing that they are due some sort of process. Movants also voice concern with the enforcement of criminal and sanitation laws. Who in the whole city would not have an interest in such enforcement and therefore right to intervene under Movants' formulation?

A couple of examples should suffice to demonstrate the too-tenuous interest of adverse economic impact to the issues involved in this suit. In *Espy*, the Fifth Circuit reversed a district court's disallowance of intervention of right concerning two trade associations representing most of the purchasers of timber from the Texas national forests. Environmental groups had sued to challenge certain practices of the United States Forest Service for managing the four national forests in Texas. The district court granted a preliminary injunction against certain logging, and the Forest Service issued a letter advising prospective timber purchasers that, as a result of the injunction, it would refrain from offering not only planned timber sales challenged by the plaintiffs but also any timber sales with "even-aged regeneration cuts." This letter prompted the intervenors' motion. On the issue of interest, the circuit court opined that "[t]hese member companies have legally protectable property interests in *existing timber contracts* that are threatened by the potential bar on even-aged management." *Espy*, 18 F.3d at 1207 (emphasis added). In contrast, the Movants here have demonstrated nothing more than their members' fairly close proximity with the homeless encampment, an alleged fall in customer traffic, and an assertion that the former fact is causally connected to the latter event. This falls far short of the direct, substantial, and legally protectable interest required under Rule 24 and exemplified by the *Espy* intervenors' clear and demonstrable existing contract rights with one of the parties to that suit.

The *Ceres Gulf* court considered a situation arising from the Longshore and Harbor Workers' Compensation Act (LHWCA). Cooper claimed to have been injured in the

course of his employment with Ceres Gulf, a stevedoring company, and the company made advance payments to him totalling about $36,000. The company contested the claim, however, and an administrative law judge agreed, finding that a work-related injury had not occurred. The ALJ, because of considerations not pertinent here, denied reimbursement of the advance payments, though. Ceres Gulf appealed to the Department of Labor Benefits Review Board, which affirmed the ALJ. Although the LHWCA provides for review of the BRB's ruling in the courts of appeals, Ceres Gulf did not avail itself of this procedure, but instead filed an action in federal district court seeking the reimbursement. Fortuitously, the Director, Office of Workers' Compensation Programs, found out about the suit and sought intervention. The court denied leave to intervene. Reversing, the Fifth Circuit stated the following concerning the interest prong of the test:

> The Director's interest springs from his role in administering the LHWCA. The Secretary of Labor has delegated to him all functions with respect to its administration. Under the LHWCA and its regulations, the Director is vested with an important watchdog role to ensure the fair and adequate compensation of injured employees. Accordingly, the Director's interest is, among other things, consistent application of the LHWCA, a statutory scheme he is charged with administering.

*Ceres Gulf,* 957 F.2d at 1203 (citations and internal quotation marks omitted). Later, the circuit court stated that "[t]he Director's interest that justifies intervention is the protection of administrative jurisdiction over LHWCA claims." *Id.* at 1204. This Court concludes that, like *Espy,* the *Ceres Gulf* situation is highly contrastable with that before the Court. The possibility of mere adverse economic impact, at least as Movants articulate, simply is insufficient to satisfy Rule 24(a)'s requirement of interest. As one court has stated, "an economic interest that might be adversely affected by the outcome of the case alone is insufficient to warrant intervention under Rule 24(a)(2)." *Getty Oil Co. v. Department of Energy,* 865 F.2d 270, 274 (Temp.Emer.Ct.App.1988) (internal quotation marks and brackets omitted).

Third, Rule 24(a) requires Movants to be so situated that the disposition of the action may, as a practical matter, impair or impede their ability to protect their interests. On this point, Movants simply parrot the requirement and maintain that they have met it. A couple of initial observations are in order. First, the Court concludes that Movants have demonstrated no cognizable interest under Rule 24(a) related to this suit. That there is no sufficient interest that may be impaired or impeded may moot this third prong of the analysis. Second, that Movants merely repeat the requirement and assert that they meet it fails to discharge their burden. But in any event, the Court concludes that Movants are wrong at this stage of the test. It is not the Court's task to solve the problems of homelessness in Dallas; rather, the Court's job is to consider the constitutionality of certain ordinances and the way they are enforced. Even assuming ultimate victory for Plaintiffs, a part of that victory would not require that the land underlying the homeless encampment be ceded to those inhabitants as a sort of homeless reservation. Instead, the enforcement of certain ordinances would be enjoined. This is an important distinction because it allows for the rethinking of unconstitutional provisions and the establishment of new, potentially constitutional ordinances that could address Movants' alleged interest. Movants could protect their asserted interest through the legislative process. Movants note that

> [m]any of the Associations ... have a long history of involvement addressing the problems of the homeless. This includes proactive steps in trying to provide housing and social services to the homeless, as well as working extensively with the City of Dallas ... in developing ordinances and policies addressing the ancillary public health and safety problems created by a large concentration of the homeless population in the City core.

(Mot.Intervene at ¶ 3.) These laudable efforts demonstrate Movants' ability of self determination—outside a judicial forum—regarding their purported interest. Movants' ability to

protect their concerns thus would by no means be foreclosed by this Court's granting of injunctive relief to Plaintiffs. Indeed, Movants' own motion shows that they can address, and have been addressing, their concerns without the necessity of their intervening in this suit. On this prong of the analysis, then, the Court concludes that Movants have failed to demonstrate their entitlement to intervene.

The final requirement for intervention as a matter of right is that the movant's interest must be inadequately represented by the existing parties to the suit. Although the movant has the burden of demonstrating inadequate representation, this burden has been described as "minimal" *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). The existence of the City in this suit may implicate a different perspective on this burden, however:

> There is a suggestion in the cases that where, as here, the existing representative in the suit is the government, there is a presumption of adequate representation which may be overcome by the intervenor only upon a showing of adversity of interest, the representative's collusion with the opposing party, or nonfeasance by the representative. *Sam Fox Publishing Co. v. United States,* 366 U.S. 683, 689, 81 S.Ct. 1309, 1313, 6 L.Ed.2d 604 (1961) (dictum); 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1909 at 525–29 (1972). Indeed this presumption was adopted by a panel of this court in *Baker v. Wade,* 743 F.2d 236, 241 (5th Cir.1984) (rehearing en banc pending).

*Texas v. United States Dep't of Energy,* 754 F.2d 550, 553 (5th Cir.1985) (nonpanel opinion by Higginbotham, J.); *see also Hopwood v. Texas,* 21 F.3d 603, 605 (5th Cir.1994) (same). In any event, the Court concludes that any interest that Movants might have in the constitutionality of the ordinances at issue will be adequately addressed by able counsel for the City. The Court further notes that the City, like states and the federal government, is well experienced in litigating constitutional issues. For the foregoing reasons, the Court concludes that Movants have failed their burden under this final prong of the analysis, as well as under Rule 24(a) as a whole. Intervention as of right must therefore be denied.

### III.

Next the Court turns to Movants' contention that permissive intervention is appropriate. An analysis concerning permissive intervention encompasses a two-stage process: First, the court must decide whether the movant's claim or defense and the main action have questions of law or fact in common. *Stallworth v. Monsanto Co.,* 558 F.2d 257, 269 (5th Cir.1977). Second, if the first stage is met, the court must exercise its discretion in deciding whether intervention should be allowed. *Id.* Assuming that Movants have demonstrated a common question of law or fact, the Court concludes that permissive intervention should be denied because the movants' interests are coextensive with the Defendants'—demonstrating constitutionality of the ordinances involved—and movants' interests are therefore adequately being represented by the defendants. Also, the intrusion of Movants into this litigation would do little more than needlessly increase costs and delay disposition of the case. *Cf. Hopwood,* 21 F.3d at 605 (district court's denial of permissive intervention affirmed for same reasons).

Additionally, the Court fails to understand what Movants could contribute to the case by way of evidentiary offerings that the defendants will not seek to make. Although Movants' express concerns that their business will continue to decrease if the encampment is allowed to maintain its current location, the Court also fails to understand how a third party's economic interest impacts an analysis of the constitutionality of city ordinances under, chiefly, the Eighth Amendment. In short, it seems that economic considerations will be largely irrelevant to constitutional analysis in this case. The issues involved are primarily legal, and for that reason, as well as those discussed above, the Court concludes that Movants could adequately voice whatever concerns to the Court they have by appearing as amici rather than as intervenors. Although the Court hereby grants Movants leave to appear as amici for

the sole purpose of filing briefs in relation to the injunctive relief that Plaintiffs seek, their motion is otherwise denied.

**SO ORDERED.**