United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20097
Summary Calendar

_____

CARL R. PRUETT; SCOTT MARTIN,

Plaintiffs-Appellees,

versus

HARRIS COUNTY BAIL BOND BOARD; ET AL.,

Defendants,

INTERNATIONAL FIDELITY INSURANCE COMPANY; ALLEGHENY
CASUALTY COMPANY,

Movants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-3241
--------------------

Before DUHÉ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[1]

International Fidelity Insurance Company ("IFIC") and

Allegheny Casualty Company ("Allegheny") appeal the district

court's denial of their motion seeking intervention as of right or,

alternatively, permissive intervention in accordance with FED. R.

CIV. P. 24. We have jurisdiction to entertain this appeal to the

extent that IFIC and Allegheny are challenging the district court's

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of their motion seeking intervention as of right. Edwards v. City of Houston, 78 F.3d 983, 992 (5th Cir. 1996) (en banc). However, to the extent that IFIC and Allegheny are challenging the district court's denial of their motion seeking permissive intervention, we have jurisdiction over this appeal only if we determine that the district court abused its vast discretion in denying the motion. Id.

IFIC and Allegheny have not shown that the district court erred in denying their motion to the extent that they sought intervention as of right, as they have not shown that the Harris County Bail Bond Board and Harris County cannot represent them adequately in the plaintiffs' suit. See Edwards, 78 F.3d at 1004-05; Hopwood v. Texas, 21 F.3d 603, 605-06 (5th Cir. 1994). Accordingly, the judgment of the district court is AFFIRMED to the extent that it denied IFIC and Allegheny's motion seeking intervention as of right.

IFIC and Allegheny have likewise not shown that the district court abused its discretion in denying permissive intervention. See Ingebretsen v. Jackson Pub. Sch. Dist., 88 F.3d 274, 281 (5th Cir. 1996). Consequently, to the extent that IFIC and Allegheny seek to appeal the district court's denial of their motion seeking permissive intervention, their appeal is DISMISSED.

JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND APPEAL DISMISSED IN PART.