United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 04-20732

—————————————

KAY STALEY,

                              Plaintiff - Appellee,

                versus

HARRIS COUNTY TEXAS,

                              Defendant - Appellee,

                versus

STAR OF HOPE MISSION,

                              Movant – Appellant.

————————————————————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3411

————————————————————————————————————————————————

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:*

    This appeal challenges the district court's denial of Star of

Hope Mission's motion to intervene in the underlying case brought

by Kay Staley against Harris County, Texas, which is pending

decision as No. 04-20667.  Star of Hope sought both permissive

intervention and intervention of right under Federal Rule of Civil

Procedure 24.  We affirm the district court's denial of both bases

—————————————

    * Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of intervention essentially for the reasons provided by the district court in its exceptionally good opinion.

The underlying action was initiated on August 25, 2003 by Staley, seeking to remove the County's display of the King James Bible in front of the Harris County Civil Courthouse on grounds that the display violates the First and Fourteenth Amendments to the United States Constitution. Nearly a year after the complaint was filed, the case was tried and, on August 10, 2004 the district court entered a memorandum opinion and final judgment. Among other relief, the court ordered the removal of the Bible. Nine days later Star of Hope, as the owner of the monument containing the Bible, moved to intervene. The district court denied both intervention of right and permissive intervention.

I

Star of Hope bases its claim for intervention of right on Rule 24(a)(2).[2] To intervene successfully under Rule 24(a)(2)

---

[2] Federal Rule 24(a) provides that mandatory intervention, or intervention of right is permitted:

> (1) when a statute of the United States confers an unconditional right to intervene; or
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a). Because Star of Hope has not alleged any

2

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

Ford v. City of Huntsville, 242 F.3d 235, 239 (5th Cir. 2001). Failure to meet any one of these requirements precludes intervention under Rule 24(a)(2). Edwards v. City of Houston, 78 F.3d 983, 999 (5th Cir. 1996) (en banc) (citations omitted). We review the district court determinations as to timeliness for abuse of discretion, and the remaining factors de novo. Id. at 999-1000. The district courts are encouraged to apply the "practical rather than technical yardstick" in determining intervention under Rule 24(a)(2), United States v. Texas E. Transmission Corp., 923 F.2d 410, 413 (5th Cir. 1991). We hold that here the district court applied the correct principles and properly concluded that Star of Hope fails to satisfy both the timeliness and representation of interest requirements of Rule 24(a)(2).

The timeliness requirement is measured based on four factors:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the action before petitioning for leave to

---

statutory unconditional right to intervene, its claim for mandatory intervention is limited to Rule 24(a)(2).

> intervene, (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it actually knew or reasonably should have known of its interest in the action, (3) the extent of the prejudice that the would-be intervenor may suffer if its petition for leave to intervene is denied, [and] (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

Stallworth v. Monsanto, 558 F.2d 257, 264-66 (5th Cir. 1977). Additionally, this Court has noted that "intervention attempts after final judgments are ordinarily looked upon with a jaundiced eye [as they] have a strong tendency to prejudice existing parties to the litigation or to interfere substantially with the orderly process of the court." United States v. United States Steel Corp., 548 F.2d 1232, 1235 (5th Cir. 1977) (internal citation omitted).

Star of Hope rests its claim largely on the first factor, contending that it could not have known that its "private expression on public property . . . had been somehow converted to government expression and judicially deemed to violate the Establishment Clause." Star of Hope contends that it did not know or recognize its interest until the district judge issued its final order on August 10, 2004. We find this argument without merit.

As the district court thoroughly explained, the publicity surrounding Staley's lawsuit could not have escaped the Mission's attention. From the outset of the lawsuit, court-ordered removal of the monument was always a possibility -- indeed it was the

4

relief the Plaintiff sought.  Furthermore, two persons affiliated with Star of Hope, one of which was its Director of Operations, testified concerning the monument at the trial.   Clearly the district court did not err in finding that Star of Hope knew or should have known of its interest in the action before the entry of final judgment.  Thus its post-judgment motion for intervention was untimely.

As noted by the district court, Star of Hope has pointed to no arguable justification for its failure to intervene in a timely manner -- i.e., there has been no change in the relief sought by the plaintiff; no alteration of the claims at issue; and no interests made to conflict by the final judgment.  See, e.g., Sierra Club v. Espy, 18 F.3d 1202, 1206 (5th Cir. 1994) (permitting intervention where the claims "changed radically over the course of the []suit" and an injunction was applied in an unusual way). Consequently, Star of Hope's motion was untimely without any acceptable justification or reason.   As the district court correctly noted, "[i]f Star of Hope was genuinely concerned about protecting its rights in this litigation, it could and should have filed a motion for leave to intervene long ago."[3]

---

[3] Star of Hope Mission cites Americans United for Separation of Church and State v. City of Grand Rapids, 922 F.2d 303 (6th Cir. 1990), in defense of its position on post-judgment intervention of right.   However, Americans United permitted post-judgment intervention on behalf of a religious organization where the City chose not to appeal a preliminary injunction enjoining it from issuing a permit to erect a holiday display.  Additionally, delay in Americans United would have rendered the claim moot once the

Although untimeliness alone is fatal to Star of Hope's Rule 24(a)(2) intervention, the district court correctly noted that the intervention fails for a second reason -- the interests of Star of Hope are adequately represented by the current parties to the action. Star of Hope has failed to overcome two key presumptions in this respect: first, a government entity is presumed to adequately represent the interests of one of its citizens, unless the interest "is in fact different from that of the [government] and . . . the interest will not be represented by it." See Hopwood v. Texas, 21 F.3d 603, 605 (5th Cir. 1994). As the district court correctly found, the County has raised identical arguments as to free speech and free exercise and seeks the identical result. To the extent Star of Hope is concerned about damage or "conversion" of its property in the removal process, it is free to participate in or conduct any required removal itself.

Second, the County is presumed to adequately represent another party with identical ultimate goals, unless the party requesting intervention can show "adversity of interest, collusion, or nonfeasance on the part of the existing party." See Edwards, 78 F.3d at 1005. If the County prevails in its claim that the monument, including the Bible, does not violate the Constitution, then Star of Hope will be completely satisfied with the resulting

---

holidays passed. However, in the case at hand the County is fully prepared to litigate its case, and this Court is in a position to order timely relief if warranted.

6

preservation of the monument -- that is to say, the County and Star of Hope share the ultimate goal of keeping the monument intact.

The district court correctly determined that the interests and goals of Star of Hope and the County are in harmony in this case. Star of Hope's claims of inadequate representation, arising only after the district court ruled against the County, are without merit. Consequently, the district court did not err in denying Star of Hope's intervention under Rule 24(a)(2) as untimely, and failing to meet the representation of interest requirements.

## II

Star of Hope additionally contends the district court erred in denying it permissive intervention under Rule 24(b)(2).[4] Permissive intervention is a matter "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." New Orleans Public Service, Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 471 (5th Cir. 1984). Consequently, we review a district court's denial of permissive intervention under a "clear abuse of discretion" standard. Cajun Elec. Power Coop., Inc. v. Gulf States Utils., Inc., 940 F.2d 117, 121 (5th Cir. 1991). For the reasons we have earlier given, the district court

---

[4] Rule 24(b)(2) states that a party may be entitled to permissive intervention where "an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b)(2).

7

did not err in finding that Star of Hope's application for intervention was untimely and that the County adequately represents Star of Hope's interests in this case. Consequently, the court did not abuse its discretion in denying Star of Hope's request for permissive intervention.

### III

For these reasons the district court's denial of Star of Hope's motion to intervene is

AFFIRMED.