United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40401
Summary Calendar

IRON THUNDERHORSE

Plaintiff - Appellant

v.

BILL PIERCE, Individually and in his Official Capacity as
Chaplaincy Director; RON TEEL, Individually and in his Official
Capacity as Coordinator of Native American Religious Programs;
UNIDENTIFIED DOES; BRAD LIVINGSTON

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-222
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Iron Thunderhorse, Texas prisoner # 624391, filed the
instant civil rights action regarding religious freedom and
related matters pursuant to the Religious Land Use and
Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc-
2000cc-5, and 42 U.S.C. § 1983. He appeals the magistrate
judge's grant of summary judgment to the defendants.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thunderhorse argues that the magistrate judge abused her discretion by denying the motion to intervene of the Algonquian Confederacy of the Quinnipiac Tribal Council, Inc., (ACQTC), the tribal corporation of which Thunderhorse is the Grand Sachem and legal sovereign. The ACQTC did not show that a statute gave it the right to intervene or that its interests were not adequately represented by Thunderhorse. Accordingly, the magistrate judge did not err by denying the ACQTC's request to intervene as a matter of right pursuant to FED. R. CIV. P. 24(a) or abuse her discretion by denying permissive intervention pursuant to FED. R. CIV. P. 24(b). See Kneeland v. NCAA, 806 F.2d 1285, 1287–89 (5th Cir. 1987); Hopwood v. Texas, 21 F.3d 603, 606 (5th Cir. 1994).

Thunderhorse contends that the grant of summary judgment was improper because he was not given proper notice and did not file all of his evidence. He has moved for supplementation of the record to include more than 100 pieces of physical and documentary evidence that he did not submit to the district court. He additionally argues that the grant of summary judgment was erroneous on its merits.

The magistrate judge entered an order setting the case for a bench trial and requiring the parties to file witness and exhibit lists. The order required any party wishing to file a dispositive motion to request and receive permission to file such a motion. The defendants then filed motions for summary judgment

without requesting leave to file them. While Thunderhorse filed responses to the motions for summary judgment, the responses did not include a large amount of evidence that was listed on his exhibit list for trial. Without giving further notice to Thunderhorse, the magistrate judge granted the defendants' summary judgment motions and cancelled the bench trial.

The magistrate judge was required to give Thunderhorse at least 10 days notice that she was considering entering summary judgment against him. See NL Indus., Inc. v. GHR Energy Corp., 940 F.2d 957, 965 (5th Cir. 1991). "Federal Rule of Civil Procedure 56 contemplates ten days advance notice to the adverse party that the matter will be taken under advisement as of a certain day." Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1402 (5th Cir. 1993) (internal quotation marks and citation omitted). Any reasonable doubt about whether notice was received must be resolved in favor of Thunderhorse. See NL Indus., Inc., 940 F.2d at 965.

While the filing of a motion for summary judgment normally gives sufficient notice, the magistrate judge's previous order led Thunderhorse to reasonably believe that the case was going to trial without consideration of the summary judgment motions. See Capital Films Corp. v. Charles Fries Prods., Inc., 628 F.2d 387, 391-92 (5th Cir. 1980). Given the circumstances, Thunderhorse did not receive sufficient notice, and the magistrate judge's

grant of summary judgment was an abuse of discretion.  <u>See</u> <u>id.</u>;

<u>Sharif</u>, 992 F.2d at 1400-03.

Given the large amount of evidence that Thunderhorse did not file, we cannot say that the error was harmless, and the magistrate judge should consider the motions for summary judgment in light of this evidence in the first instance.  <u>See</u> <u>Simmons v. Reliance Standard Life Ins. Co. of Tex.</u>, 310 F.3d 865, 870 (5th Cir. 2002).  Accordingly, we vacate the grant of summary judgment to the defendants and remand for further proceedings not inconsistent with this opinion.  We do not reach Thunderhorse's arguments regarding the merits of the grant of summary judgment, and his motion for supplementation of the record is moot.

AFFIRMED IN PART, VACATED AND REMANDED IN PART; MOTION FOR SUPPLEMENTATION OF THE RECORD DENIED AS MOOT.