**Peter G. ASPROS, Petitioner,**

v.

**UNITED STATES of America
RAILROAD RETIREMENT
BOARD, Respondent.**

**No. 88–2902.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 7, 1990 *.

Decided May 21, 1990.

Opinion Published June 14, 1990 **.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.

** See note ** on page 385.

John C. Sands and Robert T. Newman, Chicago, Ill., for petitioner.

R.A. Gielow, Chairman, Railroad Retirement Bd., Steven A. Bartholow, Edward S. Hintzke, and Karl T. Blank, Railroad Retirement Bd., Bureau of Law, Chicago, Ill., for respondent.

Before CUMMINGS, FLAUM and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Petitioner Peter G. Aspros requests review of the Railroad Retirement Board's (RRB) denial of his application for disability annuities. We affirm the Board's decision.

Aspros filed an application for disability benefits under the Railroad Retirement Act (RRA) § 2(a)(1)(v), 45 U.S.C. § 231a(a)(1)(v). Aspros claims that he is entitled to annuity benefits because his various spinal maladies render him "unable to engage in any

App.P. 34(a); Circuit Rule 34(f). Petitioner did file such a statement requesting oral argument. Upon consideration of that statement and the record, the request is denied and the case is submitted on the basis of the briefs and the record.

** Pursuant to Circuit Rule 53, the opinion was originally issued as an unpublished order on May 21, 1990. The court, upon request, issues this decision as an opinion.

regular employment" as required by that section. The Bureau of Retirement Claims denied his application on September 24, 1984, and affirmed that denial on November 1, 1984. On December 29, 1986, the Appeals Referee sustained the Bureau's decision. Aspros appealed the referee's decision to the RRB, which in turn referred the matter again to the referee because Aspros presented new evidence in the form of another report by his personal physician. On April 23, 1987, the Appeals Referee held that the evidence did not alter her initial opinion. On October 5, 1987, the RRB affirmed and adopted the referee's decision denying Aspros disability benefits under § 231a(a)(1)(v).

■ Aspros raises two issues in his petition. First, he challenges the referee's use of Social Security Regulation § 404.1520, 20 C.F.R. 404.1520 (1985) ("Evaluation of disability in general")[1] as barring a finding of disability. Aspros argues that the Social Security Act (SSA) and the RRA criteria are "different" and thus that the "regulations intended to apply to the Social Security Act might not correctly apply the Railroad Retirement Act." While we have not specifically addressed whether this five step sequential analysis of the regulations can be applied by the RRB, we have recognized that the similarity of the SSA and the RRB supports applying the same analysis on appeal from decisions under both Acts. *Peppers v. Railroad Retirement Board,* 728 F.2d 404, 406 (7th Cir.1984); *accord Goodwin v. Railroad Retirement Board,* 546 F.2d 1169, 1172 (5th Cir.1977). Other Circuits have found that the standards for determining whether an individual qualifies for disability under § 231a(a)(1)(v) are the same as for determining disability under the SSA. *See Arp v. Railroad Retirement Board,* 850 F.2d 466, 468 (8th Cir.1988); *Chandler v. Railroad Retirement Board,*

713 F.2d 188, 190 (6th Cir.1983). In a case similar to this one, the Eighth Circuit upheld the application of the five part test in § 404.1520 to RRA disability applications. *See Burleson v. Railroad Retirement Board,* 711 F.2d 861, 862–63 (8th Cir.1983). We believe this is the correct result. Aspros has presented no reason why the determination of whether an individual is disabled in the sense of not being able to perform regular employment should differ between the two Acts. Moreover, the RRB's interpretation of the RRA is entitled to deference, *Crown v. Railroad Retirement Board,* 811 F.2d 1017, 1019 (7th Cir. 1987), and therefore we defer to its decision that the Social Security Regulations should guide its decisions on disability applications.

■ Second, Aspros challenges the referee's finding of non-disability and the adoption of this finding by the RRB. In particular, Aspros challenges the finding that he has the "residual functional capacity to perform the full range of sedentary work." R. 3. We will reverse the decision of the Board only where it is not supported by substantial evidence or does not have a reasonable basis in the law. *Crown,* 811 F.2d at 1019; *Peppers,* 728 F.2d at 406.

■ After examining the entire record of the RRB proceedings, *Stephens v. Heckler,* 766 F.2d 284, 287–88 (7th Cir.1985), we find substantial evidence to support the referee's finding of non-disability. One Board examining physician found that Aspros' ability to stand, walk, sit, reach, handle and feel had not been affected by his back conditions, and that he could occasionally climb, stoop, crouch and crawl, and frequently balance and kneel. The first report given by Dr. Bernard, one of Aspros' treating physicians, stated that Aspros could do "almost all routine activities" and that he could perform a "more sedentary type of work." Another of Aspros' treat-

---

1. The Regulations provide for a five step analysis in determining whether a claimant is disabled. The analysis at issue in the present action states:

   (f) Your impairment(s) must prevent you from doing any other work. (1) If you cannot

do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled.

ing physicians had stated, before Aspros' surgery, that he could return to work. A clinical psychologist who interviewed and tested Aspros at the referee's request concluded that "there are no factors which should keep Mr. Aspros from full employment."

The fact that Aspros does have physical impairments and that two Board examining physicians and one treating physician (two including Dr. Bernard's second report) presented their opinion that Aspros could perform little or no work-related activities does not mean we must reverse the referee's finding. While it arguably would not have been unreasonable for the referee to reach the opposite conclusion and have that conclusion supported by the evidence, that is not our standard of review. *See Walker v. Bowen*, 834 F.2d 635, 642 (7th Cir.1987). We may not reweigh the evidence, *Farrell v. Sullivan*, 878 F.2d 985, 990 (7th Cir.1989), and conflicts in the medical evidence are to be resolved by the referee and not the court on review. *Strunk v. Heckler*, 732 F.2d 1357, 1363–64 (7th Cir.1984); *Peppers*, 728 F.2d at 406. The referee specifically mentioned the evidence she had considered and rejected in her very thorough memorandum, and her opinion "assures us that [she] considered the important evidence … and enables us to trace the path of" her reasoning. *Stephens*, 766 F.2d at 287–88.

Dr. Bernard's second report, which was not based upon any additional examinations or treatment than his first report reaching a different conclusion, stated that Aspros is "completely disabled." All of the examinations and tests upon which Dr. Bernard based this second opinion had already been considered by the referee in her first denial of Aspros' application. The RRB "is not bound by a physician's conclusion as to disability, especially when not supported by specific clinical findings." *Peppers*, 728 F.2d at 406; *see also Elzy v. Railroad Retirement Board*, 782 F.2d 1223, 1225 (5th Cir.1986). Moreover, the opinion of a treating physician "is not conclusive as to disability." *Chandler*, 713 F.2d at 190. Examining physicians' medical reports can "constitute substantial evidence." *Id.*

Aspros himself testified that his limited ability to stand, sit or walk for extended periods of time prevented him from doing even sedentary work. Credibility determinations are matters left to the hearing officer, *Peppers*, 728 F.2d at 406, including determinations regarding the credibility of the claimant's testimony. *Strunk*, 732 F.2d at 1362. It was therefore permissible for the referee to discredit Aspros' testimony, particularly given the fact that for seven months Aspros had done 7–8 hours of volunteer work of a sedentary nature.

Since the referee made permissible use of Social Security Regulation § 404.1520, and there was substantial evidence for her finding that Aspros could perform sedentary work and therefore was not disabled, the decision of the Board is

Affirmed.