Lawrence R. WASSENBERG,
Petitioner–Appellant,

v.

The UNITED STATES RAILROAD
RETIREMENT BOARD,
Respondent–Appellee.

No. 95–1762.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1995.

Decided Jan. 25, 1996.

Frank W. Petro, Francis Daniel Petro, Deborah Petro (argued), Petro & Petro, Chicago, IL, for Petitioner.

Catherine C. Cook, Marguerite P. Dabado (argued), Railroad Retirement Board, Bureau of Law, Chicago, IL, for Respondent.

Before BAUER, DIANE P. WOOD, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

In 1991, when he was in his mid-thirties, Lawrence Wassenberg was found to be the disabled "child" of an insured worker under the Railroad Retirement Act. Based on the finding, Wassenberg was awarded an annuity, retroactive to December 1, 1989. Although Wassenberg is glad he won an award, he is unhappy with the Railroad Retirement Board's order not to make it retroactive to either 1975 or 1977.

Mr. Wassenberg was born in 1956. In 1974, close to his 18th birthday, he filed an application for a disabled child's annuity under the Railroad Retirement Act, 45 U.S.C. § 231 *et seq.* The application alleged that Wassenberg was disabled due to a "loss of hearing and equilibrium, allergies, and chronic ear and throat infections." The application was denied on November 19, 1974, and no appeal was taken. Two and one-half years later, on April 12, 1977, Mr. Wassenberg filed a second application for benefits. The second one was labeled an "APPLICATION FOR CHILD'S ANNUITY—FULL-TIME STUDENT." As a result of this application, he received student benefits in the amount of $300.30 per month from June 1, 1977, until December 1, 1978, when the benefits ceased because Mr. Wassenberg was 22 years old. The benefits under the second application were paid while Wassenberg attended a business college in Kansas as a full-time student. No other applications were filed for benefits of any sort over the next 12 years.

On June 15, 1990, Wassenberg filed a third application for benefits. This application, like the first one in 1974, was for a disabled child's annuity. The third application presented a problem because Wassenberg was now 33 years old, and in order to prevail he had to demonstrate that he was disabled when he was a youngster. The 1990 application alleged that Wassenberg was disabled due to "adult attention deficit disorder; disabling anxiety; mental illness diagnosed at age 5; inability to exercise uniform sound judgment and attend to task and duties, and complete dependence on medications for daily living." The application was denied on February 8, 1991, but the decision was reversed upon reconsideration when Wassenberg presented new evidence supporting his contention that he was disabled since 1975 when he was 19 years old. Ultimately, benefits were awarded retroactive to December 1, 1989, which was the first day of the sixth month prior to the filing date of the 1990 application. Pursuant to 45 U.S.C. § 231d(a)(iii), that was the earliest date on which benefits could begin based on the 1990 application.

Unhappy with the determination that the annuity began on December 1, 1989, even though he was found to have been disabled much earlier, Wassenberg filed an agency appeal, contending that he should receive benefits "back to Jan. 1, 1975, less the school money I received." Because the beginning date of an annuity is tied to an application date, Wassenberg had to tie his retroactivity claim to an earlier active application. Analyzing Mr. Wassenberg's situation, it was determined on appeal that his January 1974 application for a disability benefit was closed and final. It could not support, therefore, payments in 1991 retroactive to 1974.

■ Again Wassenberg appealed, this time to the Railroad Retirement Board. A majority of the Board (two members) affirmed and adopted the decision of the hearing officer. A third member dissented and raised, for the first time, the issue presented to this court. The issue involves the effect of the 1977 application for student benefits on the present claim for disability benefits. The dissenting board member said, "[T]he appellant's April 12, 1977 application for student benefits can and should also be used as a protected filing date for his disabled child application."

Sensing new hope, Mr. Wassenberg abandoned his claim based on the 1974 application and argues before us that, in fact, his benefits should begin to run from a date 6 months prior to the filing of the 1977 application, less the benefits received under his student application.

In support of his claim that the 1977 application controls, Mr. Wassenberg relies on 45 U.S.C. § 231d(b), which provides that an application filed with the Board "shall, unless the applicant specifies otherwise, be deemed to be an application for any benefit to which such applicant may be entitled...." The argument is that the application for student benefits serves as an application for "any benefit" to which Mr. Wassenberg may be entitled. Because the Board now says that he was disabled at the time of the 1977 application, and because other benefits were not explicitly denied in 1978, the application, Wassenberg argues, remains pending for disability benefits and can serve to mark the

beginning date for the annuity granted in 1991. The Board is wrong, says Mr. Wassenberg, to conclude otherwise.

The Board, on the other hand, argues that § 231d(b) must be read in conjunction with other statutes and regulations, specifically 20 C.F.R. § 217.9, which explains when the effective period of an application ends, and § 219.4, which requires a claimant to submit evidence in support of his claim.

■ In reviewing the competing contentions, we start by acknowledging that a decision of the Board cannot be set aside if it is supported by substantial evidence in the record. The decision can, however, be set aside if it is based on an error of law. *Aspros v. U.S. Railroad Retirement Board,* 904 F.2d 384 (7th Cir.1990). Because the facts here are not in dispute, the question is simply whether the decision of the Board is based on an error of law. This situation triggers another rule; when passing on an agency's construction of the statutes it administers, we look to see whether a "reasonable basis" exists for that construction. If there is a reasonable basis in law for the agency interpretation, it is entitled to deference. *Itel Corp. v. U.S. Railroad Retirement Board,* 710 F.2d 1243 (7th Cir.1983); *Crown v. U.S. Railroad Retirement Board,* 811 F.2d 1017 (7th Cir.1987).

In this case, at each step of the way, the Board's interpretation is reasonable and entitled to deference. Looking first to § 231d(b), we note that the statute says that the application "shall, unless the applicant specifies otherwise, be deemed to be an application for any benefit to which such applicant may be entitled...." The Board reads this section in concert with 20 C.F.R. § 219.4. The regulation requires that the claimant "is responsible for obtaining and submitting the evidence [in support of the application] to the Board." The 1977 application was clearly identified as an application for full-time student benefits. The only evidence submitted with the application was that Mr. Wassenberg would be attending Brown Mackie School of Business in Salina, Kansas. No evidence, not even a trace, was submitted regarding a disability of any kind.

Given this situation, it was reasonable for the Board to conclude that Mr. Wassenberg's 1977 application was for student benefits only and to conclude further that in accordance with § 231d(b), the application, rather than being one for all benefits, in fact "specified otherwise." That Mr. Wassenberg did not personally fill out the application does not render this conclusion unreasonable. In 1977 he was telling the Board that he should receive benefits to attend business school as a full-time student. It was reasonable for the Board in 1977 not to have simultaneously and spontaneously considered whether he should also be deemed to have been seeking an annuity as a disabled child.

The Board, in fact, has a regulation which elucidates § 231d(b). It says that an application is "generally considered as an application for other benefits to which a person is or may be eligible." 20 C.F.R. § 217.8. The regulation proceeds to specify numerous situations in which that is true. All, it is fair to say, are more compelling situations than the one set out here.

The Board's interpretation of 20 C.F.R. § 217.9(a), which defines when the effective period of an application ends, is also reasonable. In Mr. Wassenberg's case, the Board concluded that once the student benefits ceased, the effective period of the 1977 application came to a close. This is a reasonable interpretation, especially because the student benefits ceased upon Mr. Wassenberg's reaching age 22, and benefits were denied to him solely on that basis. Furthermore, Mr. Wassenberg was clearly notified of the precise reason why his benefits were being terminated. He received a letter from the Board seeking information about the ending date of the school quarter that began August 7, 1978, the day before his 22nd birthday. He responded that the quarter ended November 10, 1978. He then received a notice of termination of payments; it informed him that his benefits were terminated because "student attained age 22." The termination was not because he dropped out of school, or, in what would be more helpful to his argument, because he was unable to attend school due to a problem, which might or might not constitute a disability. He simply was too old for student benefits. It was reasonable for the Board to conclude, especially because no appeal was taken, that the 1977 application "ended" in late 1978. With no hook to attach his 1991 application to, the Board's decision that benefits would start in 1989, rather than a dozen years sooner, was reasonable. Accordingly, the decision of the Board is AFFIRMED.