**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD M. RUSSELL,

    Petitioner,

v.

RAILROAD RETIREMENT BOARD,

    Respondent.

No. 97-9501
(Petition for Review)

ORDER AND JUDGMENT*

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff filed an application for disability annuity with the Railroad Retirement Board (Board), alleging disability since October 15, 1992. A Hearing Officer found that plaintiff was entitled to an occupational disability, because he could not perform his regular railroad occupation, but deferred a decision on the application for a period of disability under the Social Security Act and consequent qualification for early Medicare coverage, pending plaintiff's decision as to whether he would appeal the denial of a period of disability. Plaintiff did appeal, and a Hearing Officer found that plaintiff could perform unskilled light work available in the national economy and, therefore, that he was not entitled to a period of disability and early Medicare coverage. Plaintiff appealed that decision to the Board, and it affirmed and adopted the decision of the Hearing Officer denying plaintiff's application for a period of disability under the Social Security Act.

The affirmance by the Board is a final decision within the meaning of 45 U.S.C. § 355(f), and is therefore appealable to this court under 45 U.S.C. § 231g. We review the Board's decision to determine whether it is supported by substantial evidence and is free from arbitrary or capricious conduct. See Gatewood v. Railroad Retirement Bd., 88 F.3d 886, 888 (10th Cir. 1996). "The findings of the Board as to the facts, if supported by evidence and in the

absence of fraud, shall be conclusive." 45 U.S.C. § 355(f).  After reviewing the record in light of these standards, we affirm.[1]

Plaintiff complains that he is disabled because of back problems and the related pain.  We agree with the Hearing Officer's assessment that the plaintiff retains the capacity to perform light work; the record contains substantial evidence to that effect.  Plaintiff argues that the Hearing Officer erred in not relying solely on Dr. Sanchez's opinion that plaintiff was disabled from all work.  The Hearing Officer was entirely within her province to decline to give Dr. Sanchez's opinion controlling weight, even though he was a treating physician, because it was not "well supported by clinical and laboratory diagnostic techniques" and it is "inconsistent with other substantial evidence in the record."  Bean v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted).  The Hearing Officer carefully considered Dr. Sanchez's opinion and the evidence related to it, and she expressed specific and legitimate reasons for rejecting his opinion.  See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992).  Our review of the record supports that decision.

_____

[1]     We note that, because of the similarity of the Social Security Act and the Railroad Retirement Act, the same analysis can be applied to appeals from decisions under both Acts.  See Aspros v. Railroad Retirement Bd., 904 F.2d 384, 386 (7th Cir. 1990).

Plaintiff also argues that the Hearing Officer failed to properly develop the record. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (discussing the ALJ's duty to develop the record). Specifically, he complains that she did not allow him to testify at the hearing, interrupting his testimony and substituting her own testimony through leading questions. We have carefully reviewed the hearing transcript, and we see no impropriety in the Hearing Officer's conduct of or participation in the hearing. She did not breach her duty to develop the record.

Neither do we find merit in plaintiff's claim that the Hearing Officer failed to properly consider his subjective complaints of pain. The Hearing Officer properly considered and analyzed plaintiff's allegations of disabling pain, see Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir. 1992), and she found them credible only to the extent that plaintiff could not perform work above the light level. Her finding was based on plaintiff's sporadic use of prescription medications, his intermittent use of over-the-counter pain medications, and his limited participation in physical therapy. The record contains substantial evidence supporting the Hearing Officer's finding regarding plaintiff's subjective complaints of pain. Further, because the Hearing Officer credited plaintiff's allegations of pain only insofar as they prohibit him from performing work above the light category, she did not err in relying on the grids in finding plaintiff not disabled. See Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir. 1994).

In sum, the record contains substantial evidence in support of the Hearing Officer's finding that plaintiff retained the residual functional capacity to perform a wide range of light work. The decision of the Railroad Retirement Board is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge