**UNITED STATES of America, Plaintiff,**

v.

**Anna PATEJ k/f/a Anna Patej–Gouda, Defendant.**

**No. 00–71944.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 24, 2000.

John H. Lindquist, United States Department of Justice, Tax Division, Washington, DC, for plaintiff.

Robert N. Bassel, Nathan & Nathan, Southfield, MI, Thomas M. Peters, Vandeveer Garzia, Detroit, MI, for defendant.

Joseph Falcone, Joseph Falcone Assoc., Southfield, MI, for movant.

## ORDER DENYING SALAH GOUDA'S MOTION TO INTERVENE

EDMUNDS, District Judge.

This matter comes before the Court on Salah Gouda's motion to intervene in a collection action, brought pursuant to 26 U.S.C. §§ 7401 and 7403, by the United States against Anna Patej. The United States opposes Mr. Gouda's motion, and Anna Patej concurs with the Government in its opposition to Mr. Gouda's intervention in this matter. Mr. Gouda's motion is **DENIED** because he has not shown that he has satisfied the requirements for intervention as of right under Fed.R.Civ.P. 24(a) or permissive intervention under Fed.R.Civ.P. 24(b).

### I. Facts

Salah Gouda was a medical doctor licensed to practice medicine in Michigan. He married Anna Patej on January 10, 1996. In December 1998, after an 18 month undercover investigation by the DEA, Salah Gouda's medical license was suspended and he faced both federal and state criminal charges for improperly writing medical prescriptions. In April 1998, he fled the United States and is believed to be in Egypt. His counsel has claimed that he intends to negotiate pleas with respect to the state and federal charges and intends to obtain reinstatement of his medical license.

On June 22, 1998, the IRS made jeopardy tax assessments against Salah Gouda totaling $1,101,213.35 for the years 1993 through 1996. While Salah Gouda has brought a petition in Tax Court, Docket No. 12002–97, contesting these assessments, he only contests the addition of fraud penalties. The IRS prepared and executed a Notice of Federal Tax Lien which was recorded with the Oakland County Register of Deeds on August 5, 1998. On June 22, 1999, the Haverford property was awarded to Anna Patej under a Default Judgment of Divorce.

On April 27, 2000, the United States filed Case No. 00–71944 in this Court. In this collection action against Anna Patej, the United States alleges that the Haverford property was purchased in the names of Mr. and Mrs. Gouda, as tenants by their entireties, for $620,000 under a February 28, 1997 land contract; that between December 5, 1996 and April 1, 1998, Mr. Gouda made all of the payments toward this land contract in a willful attempt to defraud the United States with respect to his accrued but unpaid federal income tax liabilities for the years 1993, 1994, and 1995; and that the United States is therefore entitled to set aside the fraudulent transfer of property, to foreclose its liens against the Haverford property, and to force a sale of that property.

Salah Gouda seeks to intervene arguing that, under 26 U.S.C. § 7403, the United States is required to name as a party all persons claiming an interest in property involved in an action, brought under that statute, to enforce a lien. Salah Gouda asserts several reasons why he should be joined in this action: (1) he disputes the tax lien; (2) he wants to litigate whether the lien should attach to the Haverford property and wants to file a complaint against the United States to quiet title; (3) if the United States is successful in setting aside the transfer of the Haverford property to Salah Gouda and Anna Patej–Gouda as tenants by their entireties, then title to the property will revert to him thus allowing him to bring an action to quiet title; (4) if the United States is successful in this suit, he will be obliged (pursuant to the terms of the default judgment of divorce) to pay off the lien on the Haverford property; and (5) despite the filing of an amended answer and affirmative defenses by counsel representing Anna Patej, he argues that she does not have the funds to hire counsel and is unlikely to aggressively defend this suit.

The United States responds that: (1) Mr. Gouda cannot contest his tax liability in this proceeding because he has already elected to file petitions in the United States Tax Court, thereby giving it exclusive jurisdiction over the amount of his assessed jeopardy tax liabilities; (2) Mr. Gouda cannot bring an action to quiet title to the Haverford property be-

cause he does not have any right in, interest in, or title to that property; (3) even if the United States is successful in setting aside the transfer of the Haverford property to Salah Gouda and Anna Patej–Gouda as tenants by their entireties, title to the Haverford property will not revert to Salah Gouda; (4) whether the United States succeeds in this action or not, Mr. Gouda must satisfy his tax debt; and (5) contrary to Mr. Gouda's unsupported allegations, Anna Patej is strongly motivated to fight the sale of her home and can adequately represent Mr. Gouda's interest in preventing the United States from using the Haverford property to satisfy Mr. Gouda's tax liabilities. The Court finds these arguments persuasive.

## II. Analysis

### A. Right to Intervene

■ The requirements for "intervention of right" are set forth in Fed.R.Civ.P. 24(a), which provides:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As to subsection (a)(1), although 26 U.S.C. § 7403(b) mandates that "[a]ll persons having liens upon or claiming any interest in the property involved in" an action to enforce a lien or to subject property to payment of tax "shall be made parties thereto" Salah Gouda does not have any right in, title to, or interest in the Haverford property involved in this collection suit. Anna Patej alone holds title to the Haverford property. Moreover, under Michigan law, even if a challenged conveyance is set aside as fraudulent, it is fraudulent only as to the grantor's creditors. *See United States v. Noble,* 1999 WL 810437 at *1. Accordingly, whether the United States succeeds or fails on its claim of fraudulent

conveyance, Anna Patej remains the sole title holder of the Haverford property. The cases Salah Gouda relies upon do not support a contrary result. He misconstrues Michigan law when he argues that the property will revert to him if the challenged transaction is set aside as fraudulent. Accordingly, he cannot claim any interest in the Haverford property and thus has no right to intervene under Rule 24(a)(1).

■ Salah Gouda also cannot show that he has a right to intervene under Rule 24(a)(2). Under Rule 24(a)(2), a party may also intervene as a matter of right when the movant "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." As observed by the Sixth Circuit, Mr. Gouda must satisfy the following four requirements for intervention as of right under Rule 24(a)(2):

1) timeliness of the application to intervene; [1]
2) the applicant's substantial legal interest in the case;
3) impairment of the applicant's ability to protect that interest in the absence of intervention; and
4) inadequate representation of that interest by parties already before the court.

*Jordan v. Michigan Conference of Teamsters Welfare Fund,* 207 F.3d 854, 862 (6th Cir. 2000). Failure to meet one of the four criteria will result in a denial of a motion to intervene. *See United States v. Detroit Int'l Bridge Co.,* 7 F.3d 497, 499 (6th Cir.1993).

■ At the August 16, 2000 hearing, Mr. Gouda's counsel clarified that the interest he seeks to protect here is his interest in preventing the United States from using the Haverford property to satisfy his tax liabilities. His counsel also stressed Mr. Gouda's concern over Anna Patej's ability to adequately protect this interest. Even assuming without deciding that Mr. Gouda has a significant legal interest in this case and his ability

to protect that interest may be impaired by an adverse ruling, this Court concludes that he has not met his burden of demonstrating that Anna Patej would inadequately represent his interest in contesting the United States fraudulent conveyance argument and preventing the Government from forcing a sale of the Haverford property (to which she alone holds title) so as to satisfy his tax debt. Mr. Gouda has failed to identify any potential inadequacy in Anna Patej. Despite Salah Gouda's unsupported claims, Anna Patej is represented by counsel and her counsel has filed an answer in this action and has asserted numerous affirmative defenses. The Court is persuaded that she is represented by able counsel, is strongly motivated to defend this suit and to fight the sale of her residence, and can adequately represent Mr. Gouda's interest in preventing the United States from using the Haverford property to satisfy his tax liabilities. *See Jordan,* 207 F.3d at 863. *Accord, Grutter v. Bollinger,* 188 F.3d 394, 400–401 (6th Cir.1999).

**B. Permissive Intervention**

■ Salah Gouda has not shown that he is entitled to intervene under Rule 24(b), which provides:

> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Salah Gouda has not shown that he has a conditional statutory right to intervene, that he has a claim or defense that has a question of law or fact in common with the United States' complaint, and that intervention will not unduly delay or prejudice adjudication of the rights of the original parties. *See Diamond v. Charles,* 476 U.S. 54, 76–77, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (where the

---

**1.** No one makes the argument that Mr. Gouda's    motion is untimely.

Court observed that, to obtain permissive intervention under Rule 24(b)(2), the intervenor must identify an interest sufficient to support a legal claim or defense which is "founded upon [that] interest" and which satisfies the Rule's commonality requirement).

## III. Conclusion

For the foregoing reasons, Salah Gouda's motion to intervene is **DENIED**.