Danny Ray MEEKS, Plaintiff–
Appellant,

v.

Derrick D. SCHOFIELD, TDOC
Commissioner, et al., De-
fendants–Appellees.

No. 14–5495.

United States Court of Appeals,
Sixth Circuit.

June 2, 2015.

Before: SILER, BATCHELDER, and STRANCH, Circuit Judges.

### ORDER

Danny Ray Meeks, a Tennessee prisoner proceeding pro se, appeals the district court's denial of his civil rights complaint filed pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e–17, and the Rehabilitation Act (RA), 29 U.S.C. §§ 701–18. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2012, Meeks filed a complaint against Tennessee Department of Corrections (TDOC) Commissioner Derrick Schofield, ADA Coordinator Mike Christensen, Unit Manager Chris Abingambe, Grievance and Disciplinary Board Chairman Dennis Davis, and the TDOC. Meeks alleged that, in retaliation for another ADA suit he filed, Christensen, who knew Meeks suffered from paruresis, or "shy bladder syndrome," ordered that the four bathroom doors to the bathrooms used in his unit be removed. Meeks claimed that Abingambe refused to discuss the situation with him. He and the other twenty-nine prisoners in his unit filed grievances. A class-action hearing was then held regarding all of the grievances, at which Davis allegedly revealed Meeks's paruresis. Meeks alleged that although the grievance board recommended that the bathroom doors be replaced, Warden Jennie Jobe refused to do so. Jobe subsequently transferred him to a medical housing unit (Housing Unit 15) to accommodate his paruresis. Meeks alleged that he was denied benefits as a result of the transfer because medical housing unit inmates are not allowed to participate in general population activities, make certain housing transfers, or receive reductions in their security classification. He sought injunctive, declaratory, and monetary relief. On initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the district court determined that the following claims were sufficient to proceed further: (1) the § 1983 claim alleging retaliatory removal of bathroom doors by Christensen; (2) the § 1983 claim against Davis for the violation of Meeks's right to privacy; and (3) the ADA and RA claims against the TDOC. All of Meeks's remaining claims were dismissed for failure to state a claim.

The magistrate judge granted Meeks's motion to file an amended complaint, in which he added as defendants Julia Campbell, who was the Housing Unit 15 supervisor, and Jewel Steele, who succeeded Jobe as warden of the facility. Meeks alleged that Campbell retaliated against him by searching his cell and confiscating other inmates' legal materials, which he had been keeping in his cell. He claimed that the other inmates were required to ask Davis to have their materials returned, which created a chilling effect on the exercise of those inmates' and Meeks's First Amendment rights. He also contended that Campbell retaliated against him by ordering him to leave the law library on one occasion, even though he had been authorized to be there. Additionally, he claimed that Davis conducted three searches of his computer work station.

Five other inmates moved to intervene as plaintiffs, but the magistrate judge denied the motions, determining that their addition would unduly complicate the action and would cause a substantial and unnecessary delay. The magistrate judge determined further that four of the movants had not stated any grounds for their intervention. The district court overruled the movants' objections and adopted the

**700**

magistrate judge's report and recommendation. The magistrate judge also denied two additional motions by Meeks to amend his complaint. The district court overruled these objections as well, determining that the proposed amendments raised new claims and named new defendants employed at different facilities, and thus were actually proposed supplemental complaints.

The defendants subsequently moved for summary judgment. The magistrate judge recommended that the motion be granted and that Meeks's complaint be dismissed. Meeks objected to the magistrate judge's report and recommendation. After conducting a de novo review, the district court overruled the objections, adopted the magistrate judge's report and recommendation, and dismissed the complaint. Meeks filed a timely notice of appeal.

We review de novo a district court's grant of summary judgment. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir.2010). A court properly grants summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

## § 1983   Retaliation by Christensen

■ Meeks challenges the district court's determination that he did not demonstrate § 1983 retaliation by Christensen. He argues that the defendants did not provide any evidence supporting Jobe's statement in an affidavit that the bathroom doors were removed because inmates had been smoking in the bathrooms.

In order to establish a retaliation claim, the plaintiff must prove "that (1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action

was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir.2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc)).

The district court determined that Meeks did not show that Christensen himself engaged in adverse action based on protected conduct by ordering or being otherwise involved in the removal of the bathroom doors, refusing to replace the doors, or transferring him to Housing Unit 15. The undisputed evidence supports this determination. Jobe stated in an affidavit that she ordered that the bathroom doors in Units 3 and 4 be removed and that smoke detectors be installed based on a recommendation by Abingambe, who had told her that there had been contraband use, especially smoking, in the bathrooms. Jobe stated further that Christensen had not recommended that the doors be removed and that Christensen did not have the authority to order the removal of the doors. Additionally, Christensen attested that he was not involved in the decision to remove the bathroom doors and that he did not have the authority to remove them. In his verified first amended complaint, Meeks stated that Christensen told him

As long as I am the FSO/ADA Officer there will be no bathroom doors in Units 3 and 4. I made the decision to move you to unit 15 and that is how it is going to stay. Now you do whatever you have to or think you can. You do not run anything around here, and it's time you realized that.

However, this statement does not prove that Christensen ordered the removal of the bathroom doors. Furthermore, Meeks himself provided a letter that he had written to Schofield stating that Abingambe had the bathroom doors removed. He further stated in the letter that, when he

spoke with Abingambe about replacing the doors, Abingambe said that the warden had had the doors removed and that there was nothing that Abingambe could do.

Jobe's affidavit and her written response to the grievance committee's recommendation to replace the doors show that Jobe, rather than Christensen, decided not to replace the doors based on inmate safety. Jobe's affidavit and her memorandum to Meeks also show that Jobe made the decision to move Meeks to Housing Unit 15. Although Meeks alleged in his verified complaint that Christensen told him otherwise, a verified complaint may serve as an opposing affidavit sufficient to rebut a motion for summary judgment only if it is properly supported. *See* 28 U.S.C. § 1746; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993). Meeks has not provided any other evidence supporting his conclusory assertion about Christensen's statement to him. Moreover, even if Christensen did make that statement to Meeks, Meeks has provided no evidence that Christensen in fact had the authority to remove the bathroom doors, refuse to replace the doors, or move Meeks to Unit 15. In light of the undisputed summary judgment evidence, Meeks has not demonstrated a genuine issue of material fact regarding his § 1983 retaliation claim against Christensen.

### § 1983 Retaliation by Campbell and Davis (Unauthorized Legal Materials)

Meeks challenges the district court's determination that he did not establish retaliation based on disciplinary action taken against him due to his possession of several inmates' legal materials in his cell on November 3, 2011. The district court denied the claim because Meeks did not provide any evidence demonstrating that he was entitled to have such materials and

because, in any event, the claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Meeks contends that his conduct was protected and that *Heck* is not applicable because his claim does not challenge the fact or length of his confinement.

Because Meeks was sentenced only to five days of punitive segregation and a four-dollar fine for the offense and because he does not contend that the disciplinary conviction affected the length of his sentence, his retaliation claim does not implicate *Heck*. *See Wilkinson v. Dotson*, 544 U.S. 74, 83–84, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Muhammad v. Close*, 540 U.S. 749, 754–55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004); *Peterson v. Johnson*, 714 F.3d 905, 918 (6th Cir.2013). Even if *Heck* is not implicated, however, Meeks has not demonstrated that there was a genuine issue of material fact regarding the district court's additional determination that he did not prove retaliation because the undisputed evidence establishes that he was not engaged in protected conduct. Meeks has not provided any evidence, beyond his own conclusory assertions, demonstrating that he was authorized to do legal work for any other inmates on November 3, 2011. *See Anderson*, 477 U.S. at 249–52, 106 S.Ct. 2505. Accordingly, he has not shown that there is a genuine issue of material fact regarding the issue of whether there was retaliation on this basis.

### § 1983 Retaliation by Campbell and Davis (Work Station Searches and One-Time Denial of Law Library Use)

Meeks challenges the district court's denial of his retaliation claims against Campbell and Davis based on several searches of his work station and his one-time ejection from the law library. However, he has not provided any arguments or evidence disputing the district

court's determination that Campbell's and Davis's searches of his work station or denial of access to the library on one occasion were de minimis conduct that did not constitute adverse action. *See Thaddeus–X,* 175 F.3d at 397. Accordingly, based on the undisputed evidence, there is not a genuine issue of material fact regarding this issue.

### § 1983 Retaliation by Steele

■ Meeks has not provided any arguments disputing the district court's determination that he had not demonstrated any personal involvement by Steele in the incidents at issue. In order to establish supervisory liability under § 1983, the plaintiff must prove that the defendant, as a supervisory official, was personally responsible for or actively participated in the alleged unconstitutional actions that caused his injury. *Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir.2008). Meeks has not done so, and thus he has not shown that there is a genuine issue of material fact regarding this issue.

### § 1983 Privacy Claims Against Davis

Meeks argues that the district court erred in relying on two affidavits submitted by the defendants regarding the issue of whether Davis divulged his paruresis at a disciplinary hearing, but ignoring affidavits to the contrary filed by Meeks. However, Meeks does not challenge the district court's alternative determination that his privacy claim against Davis was unexhausted, nor has he provided any evidence establishing that he exhausted this claim. Accordingly, he has not shown that there is a genuine issue of material fact regarding this issue.

### ADA and RA Claims Against the TDOC

■ Meeks asserts that his ADA claims against the TDOC were in fact retaliation claims and that the district court erred in treating these claims as ADA discrimination claims. Additionally, he does not challenge the district court's resolution of his RA claims. As a result, he has waived his ADA discrimination claims and his RA claims. *See Hills v. Kentucky,* 457 F.3d 583, 588 (6th Cir.2006).

Meeks's ADA retaliation claims against the TDOC rely on the same facts that underlie his § 1983 retaliation claims against TDOC employees. As a result, his ADA claims fail for the same reason that his First Amendment retaliation claims fail. *Cf. Penny v. UPS,* 128 F.3d 408, 417 (6th Cir.1997). Because Jobe was not named as a defendant, Meeks's § 1983 retaliation claims did not challenge her conduct. However, as explained above, despite Meeks's conclusory assertions to the contrary, the undisputed evidence establishes that Jobe's actions in removing the bathroom doors were taken for penological purposes, rather than in response to any protected conduct, and thus did not constitute ADA retaliation. *See Anderson,* 477 U.S. at 249–52, 106 S.Ct. 2505. Additionally, regardless of the reason for Meeks's transfer to Housing Unit 15, Meeks also has not provided evidence demonstrating that the transfer constituted an adverse action. Although several inmates attested that they were prevented from attending inmate field day because they were housed in Housing Unit 15, Meeks has not provided any evidence indicating that he wished to participate. Additionally, he has not provided any evidence to support the conclusory assertion in his complaint that medical housing unit inmates were not allowed to participate in general population activities, make certain housing transfers, or receive reductions in their security classification. *See id.; Siggers–El v. Barlow,* 412 F.3d 693, 701–02 (6th Cir.2005) (holding that prison transfers are not sufficient to deter a prisoner of ordinary firmness

from pursuing protected conduct unless certain foreseeable consequences, such as the denial of access to the courts, would result). Accordingly, Meeks has not shown that there is a genuine issue of material fact regarding these issues.

### District Court's Consideration of Meeks's Objections

Meeks argues that the district court erred in not specifically addressing his objections to the magistrate judge's report and recommendation and that the district court did not conduct a de novo review, despite the district court's statement that it had conducted a de novo review. However, 28 U.S.C. § 636(b)(1) requires a de novo review only of those portions of the magistrate judge's report and recommendation to which a party objects, and Meeks has not established that the district court did not in fact conduct such a de novo review.

### Motions to Amend and to Intervene

■ Meeks argues that the district court abused its discretion when it refused to grant his motions to amend the complaint. *See Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir.2008). Leave to amend should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a)(2). But "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995). Because the new claims included in Meeks's proposed amendments to the complaint involved actions that post-dated the filing of his complaint and named several defendants who were located at other facilities, the district court did not abuse its discretion in denying the motions because the amendments would unreasonably complicate and delay the proceedings.

### Motions to Intervene

■ Meeks argues that the district court erred in denying other inmates' motions to intervene. Federal Rule of Civil Procedure 24(a) provides that a non-party may intervene in litigation as of right when the applicant claims an interest relating to the action and is so situated that the disposition of the action may, as a particular matter, impair the applicant's ability to protect his interest unless the applicant's interest is adequately represented by the existing parties. Fed. R.Civ.P. 24(a)(2). The court has construed Rule 24(a) to require a party attempting to intervene to establish: (1) the timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) the impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) the inadequate representation of that interest by parties already before the court. *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir.1999); *see also Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir.2005). "In considering a district court's denial of a motion to intervene pursuant to Rule 24(a)(2), we review the district court's timeliness determination for abuse of discretion, where the three remaining Rule 24(a)(2) factors are reviewed de novo." *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir.2000).

In overruling Meeks's objections to the magistrate judge's order denying the parties' motions to intervene, the district court determined that only one of the proposed intervenors, Donald Jett, provided factual support for his motion to intervene, and he sought merely to bring allegations of retaliation against him personally, based on his friendship with Meeks and his work assisting other inmates with their claims. The district court concluded that, even if

the intervenors' motions were timely filed, they did not establish that they had any legal interest in Meeks's pending litigation, much less a substantial interest. The district court's determination is supported by the record. Accordingly, this issue lacks merit.

Meeks does not challenge the district court's dismissal of his remaining claims. Accordingly, he has abandoned those claims. *See Hills*, 457 F.3d at 588.

In light of the foregoing, the district court's judgment is affirmed. Meeks's motion for the appointment of counsel is denied.